**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**v.** **Case No. 4:19-cr-00572-22 KGB**

**ANDREW WOOD ZUERLEIN** **DEFENDANT**

**ORDER**

Defendant Andrew Wood Zuerlein has filed a motion for early termination of supervised release (Dkt. No. 982). The government has responded in opposition (Dkt. No. 992).

Zuerlein plead guilty to a charge of conspiracy to possess with intent to distribute and to distribute fentanyl in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) (Dkt. Nos. 763, 765). On July 17, 2023, the Court sentenced Zuerlein to 12 months plus one day of imprisonment, three years of supervised release, and a $100 special assessment (Dkt. Nos. 873, 874). According to the United States Probation Office, Zuerlein started his supervision on April 12, 2024.

In support of his motion, Zuerlein claims that he was incarcerated at the federal facility in Fort Worth, Texas, and given early release on January 11, 2024, for good behavior (Dkt. No. 982). He was released to a halfway house in Little Rock, Arkansas, where he was given passes four to five times per week to work. Zuerlein claims that he had no infractions while at the halfway house and that he reported to his probation officer regularly. After three months at the halfway house, he was released to live with his fiancé and 18-month-old son at a rental house owned by his father (*Id.*). Zuerlein states that he currently works two jobs to make ends meet and to support his family, he talks with his probation officer as she desires, and he just started a new home renovation business with his father. Further, Zuerlein states that he is thankful that six years have passed since he was arrested and that he has been clean from narcotics for six years.

In response, the government argues that, at the time that its response was filed, Zuerlein had only completed 18 months of his court-ordered 36 months of supervision and that was not an adequate amount of time to accomplish the goals of 18 U.S.C. § 3553(a). The government believes that early termination of Zuerlein's supervised release would frustrate the reasons why this Court sentenced him to 36 months of supervision (Dkt. No. 992). Further, the government states that Zuerlein cites no justifiable reason or undue hardship justifying why his court-ordered supervision should be terminated. The government reports that, although Zuerlein claims that he works two jobs and has remained sober and clean from narcotics for six years, probation submits that Zuerlein tested positive for marijuana and admitted to using marijuana multiple times three weeks prior to a urine collection on October 6, 2025 (*Id.*, at 2). Although Zuerlein apologizes for his crime and states that he has a lot of reasons to remain sober, the government believes that nothing in the motion indicates that Zuerlein's terms of supervised release are frustrating his efforts to remain sober or impeding his ability to work (*Id.*, at 2–3).

Pursuant to 18 U.S.C. § 3583(e), the Court may terminate a term of supervised release where, after consideration of both the Federal Rules of Criminal Procedure and the specific, enumerated factors of 18 U.S.C. § 3553(a) that the Court is permitted to consider, the Court concludes that such action is warranted by the conduct of the defendant and is in the interest of justice. As he has served more than one year of supervised release, Zuerlein is eligible for early termination of the remainder of his supervised release under 18 U.S.C. § 3583(e). However, Zuerlein does not provide any reason why early termination of his supervised release would serve the interests of justice.

Further, the Court recently received a report on offender under supervision from the United States Probation Office as to Zuerlein dated September 18, 2026, that reports that Zuerlein

purportedly violated his conditions of release when he used fentanyl which resulted in an accidental overdose on August 28, 2026; the Court understands that he denied knowingly using the substance.

Based on the facts of this particular case, early termination cannot be justified. The Court appreciates Zuerlein's efforts to remain sober and law abiding. While Zuerlein has made progress on completing the terms of his sentence, he has not made substantial progress such that the interests of justice support early termination. Therefore, this Court denies without prejudice Zuerlein's motion for early termination of supervised release (Dkt. No. 982).

It is so ordered this 30th day of October, 2026.

Kristine G. Baker
Chief United States District Judge